BTXN 220 (06/17)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re: §
Frank Glenn Tickle § Case No.: 17–41388–rfn13
 § Chapter No.: 13
            Debtor(s) §

# SCHEDULING ORDER REGARDING MID–CASE NOTICE OF AMOUNT DEEMED NECESSARY TO CURE MORTGAGE ARREARAGE

On *11/15/18*, the chapter 13 trustee filed and served a "Notice of Amount Deemed Necessary to Cure Mortgage Arrearage" (the *"Mortgage Notice"* ). This scheduling order shall govern any disputes over the Mortgage Notice.

*THE FOLLOWING DEADLINES APPLY IN THE CASE:*

The Mortgage Notice is set for pre–hearing conference on *3/1/19* at *10:00 AM* at *Tim Truman, Ch. 13 Trustee, 6851 N.E. Loop 820, Suite 300 Fort Worth, TX 76180*. The trustee is not required to send a seperate notice of the pre–hearing conference to any party.

If the lender disputes the information in the Mortgage Notice, the lender must file a response (the *"Lender's Response"* ) on or before *1/14/19*. The Lender's Response must be served on the chapter 13 trustee, the debtor and the debtor's counsel, if the debtor has counsel. The Lender's Response must include an itemization of any cure amounts or post–petition arrearages as of the date of the Lender's Response. If the lender fails to respond by the deadline provided herein, or files a response stating that the lender agrees with the Mortgage Notice and the debtor does not timely file a Debtor's Reply, as described herein, neither the lender, nor the debtor is required to attend the pre–hearing conference and the Court will enter an order approving the amounts asserted in the Mortgage Notice.

If the debtor disputes the information in the Mortgage Notice or the Lender's Response, the debtor must file a reply (the *"Debtor's Reply"* ) on or before *2/13/19* and must appear at the pre–hearing conference. The Debtor's Reply must admit or deny whether any pre– or post– petition delinquency exists and must provide specific information to contest any delinquency asserted by the trustee in the Mortgage Notice and/or the lender in the Lender's Response. If the debtor denies any asserted delinquency, a general denial will not suffice; rather, the Debtor's Reply must provide specific facts in support of the denial, such as the date and amount of any payment the debtor made that supports the debtor's denial of delinquency. If the Debtor's Reply does not contain such specific information, the trustee may grant the debtor an additional 14 days to provide specific information. If the debtor fails to provide the specific information within the 14–day period, the trustee may deem the Debtor's Reply to be a default under the terms of this order. The Debtor's Reply must be served on the chapter 13 trustee, the lender and the lender's counsel, if the lender has counsel. If the debtor fails to respond by the deadline provided herein, or files a response stating that the debtor agrees with the Mortgage Notice and/or the Lender's Response (if any), the debtor is not required to attend the pre–hearing conference and the Court will enter an order approving the amounts asserted in the Mortgage Notice or Lender's Response, as follows: (1) in a non–conduit case, if a timely filed Lender's Response asserts a different post–petition arrearage than that asserted in the Mortgage Notice, then the post–petition arrearage in the Lender's Response shall control and be set forth in the order regarding the Mortgage Notice; (2) in a conduit case, if a timely filed Lender's Response asserts a different post–petition arrearage than that asserted in the Mortgage Notice, then the lender must appear at the pre–hearing conference to attempt to resolve the discrepancy; or (3) in either case, if the Lender's Response states that the lender agrees with the Mortgage Notice, then the Court will enter an order approving the amounts asserted in the Mortgage Notice.

If the matter is not resolved as of the time of the pre–hearing conference, the trustee shall either set the matter on the Courts's next regularly scheduled chapter 13 docket, or at the trustee's option, contact the courtroom deputy and obtain a special setting for an evidentiary hearing. The Court will use its best efforts to provide an evidentiary hearing within 30 to 45 days after the pre–hearing conference. All witness and exhibit lists must be filed and exhibits must be exchanged at least three business days before the evidentiary hearing date.

Once the Court enters an order on the Mortgage Notice, the debtor and the lender will be barred from contesting the amounts set out in the order in any contested matter or adversary proceeding in this case, or in any other matter, manner or forum after a discharge in the case, unless the Court determines, after notice and hearing, that the failure to respond, reply, and/or to attend the pre–hearing conference was substantially justified or is harmless.

DATED: 11/16/18

FOR THE COURT:
Jed G. Weintraub, Clerk of Court

by: /s/S. Dugan, Deputy Clerk